## JOHN M. WAY *vs.* JOHN L. DAME & others & trustees.

An action of tort in the nature of trespass *quare clausum fregit* is a personal action and may be commenced by trustee process, returnable in the county where the trustee lives, although that is not the county where the land is situated.

TRUSTEE PROCESS. The declaration was in tort, alleging a trespass to the plaintiff's real estate situated in Roxbury in the county of Norfolk, with personal injuries to himself. Several persons were summoned as trustees, all of whom had a usual place of business in Boston, in the county of Suffolk; and the writ was returnable to this court in Suffolk county. The defendants moved to dismiss the action on the ground that it should have been made returnable in Norfolk county, and that an action for the cause alleged could not be commenced by trustee process; and these questions were reserved by *Hoar*, J., for the determination of the whole court.

*E. M. Bigelow*, for the plaintiff. All personal actions may be commenced in this form, with certain exceptions enumerated in the statute. and are returnable in the county where the trustee has his place of business. Gen. Sts. *c.* 142, §§ 1, 4. *St.* 1794, *c.* 65, § 1. *Lewis* v. *Denney*, 4 Cush. 588. *Brown* v. *Webber*, 6 Cush. 563. These provisions apply to this action, although it was local by common law. Cushing's Trustee Process, 129. Replevin is local. *Robinson* v *Mead*, 7 Mass. 353. So is an action

for rent. Yet it was thought necessary to except replevin spe .cially in the statute, and no one ever doubted that actions foɪ rent might be brought by trustee process. *Thursby* v. *Plant*, 1 Saund. 241 *b*, *n.* 6. *Patten* v. *Deshon*, 1 Gray, 326. The term " personal actions " is used in a uniform sense in our statutes. Gen. Sts. *c.* 3, § 7; *c.* 18, § 61; *c.* 126, §§ 1, 8, 12, 16, 17; *c.* 127, §§ 1, 2, 5, 13; *c.* 129, §§ 1, 2, 6, 13, 70, 84; *c.* 147, §§ 1, 3; *c.* 156, § 5; *c.* 157, § 4. The propriety of bringing the action in this form was recognized by Sedgwick, J., in *Wilder* v. *Bailey*, 3 Mass. 291.

*J. Q. A. Griffin & J. W. May*, for the defendants. The action of trespass *quare clausum* is local by all the authorities, ancient and modern. It is not a personal action, within the meaning of Gen. Sts. *c.* 142, § 1. It has been classified, regarded and treated as a real action, by the legislature, by courts and by text writers. *Sts.* 1817, *c.* 185; 1820, *c.* 79. *Davis* v. *Mason*, 4 Pick. 158. *Blood* v. *Kemp*, Ib. 169. *Plympton* v. *Baker*, 10 Pick. 473. *Sawyer* v. *Ryan*, 13 Met. 144. 1 *Trials per pais*, 124. 1 Bac. Ab. Actions Local and Transitory, A. And personal actions are subdivided into local and transitory. See Gen. Sts. *c.* 123, §§ 1–8. *Clark* v. *Scudder*, 6 Gray, 122. The venue of local actions is determined by the place of the cause of action. The trustee process applies only to those personal, transitory actions, the venue of which is not controlled by the general principles of the common law.

Colt, J. By Gen. Sts. *c.* 142, §§ 1, 4, all personal actions may be commenced by trustee process, except actions of replevin, actions of tort, for malicious prosecution, slander, and assault and battery; and the writ in such case shall be returnable in the county where the trustees or some of them reside or have their usual places of business.

Trespass *quare clausum* is unquestionably a personal action within the common law definition, and although a local action yet if the term " personal actions " in the trustee act is to receive the ordinary technical meaning, there can be no doubt that this action is properly brought in this county, where the trustees ,ave their usual places of business.

The defendants contend that this action, though in form personal, is in fact a real action, and has been so classified and treated in the legislation and by the courts of this commonwealth; and that the words "personal actions" in this statute are to be interpreted with reference to such classification, so as to exclude trespass *quare clausum.* The first attempt at such new classification appears in *St.* 1817, *c.* 185, regulating appeals in personal actions; and it is there provided "that all actions of trespass shall, for the purposes of this act, be deemed and taken to be personal actions, excepting those in which the titles to real estate shall by the pleadings be brought into question." The *St.* of 1817 was superseded by *St.* 1820, *c.* 79, in which a right of appeal is given to "any party aggrieved at the judgment of the court of common pleas in any real action, or any personal action." Under this statute, in *Davis* v. *Mason,* 4 Pick. 158, and *Blood* v. *Kemp,* 4 Pick. 169, trespass *quare clausum* was held to be a real action for the purposes of appeal; and Parker, C. J., in the case last cited, referring to *St.* 1817, says, " Although this statute is repealed, yet it seems to show a classification of these actions, in a popular sense, among real actions, which might be assumed as a basis for future legislation upon the subject."

In *Plympton* v. *Baker,* 10 Pick. 475, Shaw, C. J., in considering *St.* 1820, refers to *St.* 1817, and adds, " We are of opinion that in reference to other analogous statute provisions, and the judicial constructions upon those before cited, actions, though in form personal, which put in issue rights to real estate, are real actions within the meaning of this statute." It will be noticed that a strong ground for the construction thus given to *St.* 1820, § 79, is found in the fact that it is a substitute for *St.* 1817, incorporated into the general act establishing the court of common pleas, and intended as a reënactment of the last named statute.

The defendants contend, mainly on the strength of these decisions, that the term " personal actions " is not intended in the trustee act to include trespass to real estate. The statutes egulating the right of appeal have no necessary relation to those regulating the trustee process, and cannot be said to be *in pari*

*materia.* The doctrine that several acts having one object in view and constituting parts of one system are to be construed together can therefore have no application. There are numerous acts in relation to civil proceedings in which reference is had to personal actions in general terms. The position of the defendants would require them to maintain that in all such cases the legislature intended to exclude trespass to real property. Such a construction of § 1 of the practice act, for instance, would except this form of trespass from those personal actions which may be commenced by an action of tort.

But there is another answer to the defendants' claim, which seems decisive. If there is any force in the argument that the legislature intended to follow those legislative provisions and judicial decisions, which it is claimed have modified the common law definition of personal actions, it is plain that such modification must appear to have existed prior to the passage of the trustee act. The *St.* of 1817, as we have seen, discloses the first attempt at such distinction, while the provisions of Gen. Sts. *c.* 142, § 1, relating to trustees, had their origin as early as 1794, in *c.* 65, § 1, of the statutes of that year, the phraseology of this early statute with precisely the same exceptions being adopted in the Revised Statutes and continued in the General Statutes. There can be no pretence, therefore, that when this statute first became the law of the Commonwealth, the meaning of the words " personal actions," in their legal acceptation, had then been changed by lawgivers or judges. In *Wilder* v. *Bailey*, 3 Mass. 291, Sedgwick, J., discussing this statute of 1794, remarks that " goods, effects and credits, so intrusted and deposited, are attachable in various actions for torts, such as trover, &c., and even in actions of trespass *quare clausum fregit.*"

We cannot see any reason, therefore, for not applying the ordinary rule that the words of a statute are to be taken in their ordinary signification, and technical words in a technical sense. The practical inconveniences which result from bringing actions of trespass upon real estate in counties where the parties do not reside, and remote it may be from the close in question, have existed for a long time, and if they have attracted the attention

of the legislature, have not been considered serious enough to counterbalance the benefit afforded by the use of the trustee process, or require removal by an amendment of the law.

*Motion to dismiss overruled.*